### CHARLES LOUNSBURY *vs.* ELIAS BEEBE.

The petitioner and respondent in October, 1875, entered into a written contract by which the latter was to convey to the former a piece of land, with the wood standing thereon, on or before February 1st, 1876, and the latter was to pay $700 at or before the time of the delivery of the deed, with a right to cut the wood at any time, but not to carry it off until the money was paid. The

petitioner failed to pay the money on or before February 1st, 1876, but afterwards made payments from time to time, which the respondent received without objection, until February, 1877, when there was only $10 remaining due. This sum the petitioner tendered to the respondent, but he refused to accept it. Held, on a bill for a specific performance—1. That time was not of the essence of the contract. 2. That if it was the respondent had waived it.

BILL IN EQUITY for the specific performance of a contract to convey land; brought to the Court of Common Pleas of New Haven County. Facts found and case reserved for advice. The case is fully stated in the opinion.

*G. E. Terry*, with whom was *S. W. Kellogg*, for the petitioner.

*J. O'Neil*, with whom was *J. W. Webster*, for the respondent.

LOOMIS, J. This is a bill in equity by the vendee for the specific performance, on the part of the vendor, of the following written agreement for the sale of real estate executed under seal by the petitioner and respondent:—" This agreement and memorandum made and entered into this 25th day of October, 1875, by and between Elias Beebe of the first part, and Charles Lounsbury of the second part, both residents of Waterbury, in New Haven County, witnesseth—That the said Beebe has this day sold to said Lounsbury about seven and one-half acres of land with the wood thereon standing, situated in the town of Middlebury, on the west side of the Litchfield turnpike, bounded northwest by Hop Swamp road, south by Luther S. Platt, west by said Platt, and east by said turnpike. And it is further agreed that said Beebe shall deed the said land, on or before the first day of February, 1876, to said Lounsbury, by good and sufficient warranty deed, conditioned and provided as follows—that said Lounsbury shall pay for said land and wood the sum of seven hundred dollars, and to pay the same on or before the time of such deed made and delivered, to wit: February 1st, 1876. And it is further agreed that said Lounsbury may cut any part or all of said wood at any time before said 1st day of February, 1876, but shall not cart or carry off the same or any part thereof until said money is paid or said deed delivered."

The petitioner omitted to make payment of the purchase price in whole or in part by the time appointed for that purpose; and the sole question is, whether this failure to pay on the day named will preclude him from paying afterwards and compelling a corresponding fulfillment of the contract on the part of the respondent.

Such a default in an action at law would be fatal to a recovery, but in equity it is not necessarily so; not because the contract itself is construed by different rules of interpretation, but mainly because the relations of the parties to the subject matter and to each other are different from what they are at law.

At law an agreement to convey real estate only confers a right of action, while in equity it vests an equitable estate in the vendee, and all the collateral circumstances and the conduct of the parties are examined in order to invoke equitable principles and reasons for protecting the interests of the vendee without doing injustice to the vendor.

At law time is of the essence of the contract, while in equity it is not, unless made so by an express stipulation of the parties, or the nature of the property or the avowed objects of the seller or the purchaser raise an implication to that effect, or unless the consequences of the default in point of time are such as will not admit of just compensation.

In the case now under consideration neither the agreement nor any of the circumstances would seem to make time of the essence of the contract; indeed, we think the agreement on its face indicates a purpose not to make time material unless for the mere purpose of furnishing reasonable security for the payment of the purchase money. It will be noticed that the vendee's promise is to pay " on or before the time of such deed made and delivered, to wit, February 1st, 1876 "; then liberty is given the vendee to cut any part or all the wood before the 1st of February, with a prohibition against carting it away before the money is paid or the deed delivered.

But though the agreement had made time more essential, still it could be waived. *Avery* v. *Kellogg*, 11 Conn., 561.

And where the facts show, as in the case at bar, that after

Lounsbury v. Beebe.

the time named for the payment the vendor received from the vendee a large part of the purchase money, and gave sundry orders to apply on the contract, and otherwise shewed by his conduct and course of dealing with the vendee that he did not consider the time fixed as material, a court of equity will not allow him suddenly to turn round and insist on the strict terms of the written contract. To permit this would in effect permit a fraud to be practiced on the party whose money is thus taken.

In this case, though February 1st, 1876, was named as the time of payment, yet afterwards, in June, 1876, we find the vendor receiving from the vendee by sundry payments, in all the sum of four hundred dollars in money, and afterwards by an arrangement between the parties he took away one hundred cords of the wood that had been cut on the lot, valued at three dollars per cord where it lay; and in November following he drew an order in favor of a third party for four tons of coal, the value of which it was agreed should be taken out of the purchase money mentioned in this contract.

And not until the 13th of February, 1877, and after the petitioner had tendered in money more than the full amount due under the contract, did the respondent give any notice of, or indicate in any way, his intention to insist on the punctual fulfillment of the contract, or that it would be rescinded for default of the petitioner as to the time of payment.

For the foregoing reasons we think the prayer of the petition ought to be granted upon the payment to the respondent of all that is justly and equitably due. After giving the petitioner the benefit of the wood taken away by the respondent, amounting to three hundred dollars in value where it lay when taken, there was on the 13th day of February, 1877, equitably due to the respondent only ten dollars. We therefore advise the court to pass a decree in favor of the petitioner for the specific performance of the contract on the part of the respondent, upon paying to the latter the sum of ten dollars, and that the injunction be made perpetual.

In this opinion the other judges concurred.